UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IZZEDDIN AHMED ABDULGHAFFAR
DAGHRA,

    Petitioner,

v.

STEVE HINKLEY, et al.,

    Respondents.

_____/

Case No. 1:26-cv-1429

Hon. Hala Y. Jarbou

## ORDER

Petitioner, a United States Immigration and Customs Enforcement detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Pet., ECF No. 1.)  An immigration judge had granted Petitioner a bond of $35,000, but the bond order was stayed pending appeal to the Board of Immigration Appeals pursuant to 8 C.F.R. § 1003.19(i) (2025).  Petitioner argued that the 90-day automatic stay provision in § 1003.19(i) violates the Fifth Amendment's Due Process Clause, and sought an order requiring the Government to allow him to post bond.  While this lawsuit was pending, the automatic stay of Petitioner's bond order expired.  The Government now represents that the bond order is back in effect and Petitioner will be released if he posts the $35,000 bond.  (Status Report, ECF No. 10.)  Accordingly, the Court finds that the habeas petition is moot and dismisses it without prejudice.  *See Doster v. Kendall*, No. 24-3404, 2025 WL 1369378, at *2 (6th Cir. May 12, 2025) ("A case is moot . . . when a plaintiff has received all the relief he sought.").

There is one additional issue in this case that the Court must address.  In the Government's response to the Court's initial order to show cause, it stated the following:

> More recently, the Sixth Circuit has reiterated that § 1226(e) bars challenges that "ask the court to reweigh the evidence underlying a bond decision or second-guess the Immigration Judge's discretionary judgment." *See Taylor v. Hott*, 724 F. App'x 387, 392 (6th Cir. 2018) (district court lacked jurisdiction to review IJ's bond denial where petitioner challenged flight-risk determination) . . . .

(Gov't's Resp. 9, ECF No. 5.)  The cited case, *Taylor v. Hott*, is not located at the identified page of the Federal Appendix.  Indeed, page 387 is contained within a different opinion—*Atkins v. CGI Techs. & Sols., Inc.*, 724 F. App'x 383 (6th Cir. 2018)—which is about commercial arbitration, not immigration bond determinations.  In its research, the Court was unable to identify a Sixth Circuit case with the caption *Taylor v. Hott*, or any federal case containing the quoted language.  Thus, it seems this citation was likely produced by generative artificial intelligence ("AI").

"It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and pro se litigants have cited such fake, hallucinated cases in their briefs."  *Lothamer Tax Resol., Inc. v. Kimmel*, No. 1:25-cv-579, 2025 WL 2490380, at *14 (W.D. Mich. Aug. 29, 2025) (quoting *Evans v. Robertson*, No. 24-13435, 2025 WL 1483449, at *2 (E.D. Mich. May 21, 2025)).  "Without question, it is improper and unacceptable for litigants . . . to submit non-existent judicial opinions with fake quotes and citations."  *Id.* (internal quotation marks omitted) (quoting *Anonymous v. N.Y.C. Dep't of Educ.*, No. 1:24-cv-04232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024)).  It should be obvious that any attorney who uses AI must scrupulously review its work product to ensure that the cited cases exist and that the citations accurately and fairly represent the underlying case law.  The duty of candor towards this tribunal demands no less.

Although the Court will not presently impose sanctions for this conduct, it goes without saying that the Government must ensure its future filings with this Court do not include non-existent case law.

2

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.


Dated: July 16, 2026                        /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE

3